LONDON & SOUTHWESTERN BANK, Limited, v. WHITE.    (No. 5888.)

(Supreme Court, Appellate Division, First Department.    May 29, 1914.)

STIPULATIONS (§ 14*)—CONSTRUCTION—JUDGMENT BY CONFESSION—VALIDITY.

A stipulation between a creditor holding foreign judgments and the judgment debtor, made contemporaneously with the execution and delivery of a confession of judgment representing the total claim of the creditor, which provided that the confession of judgment should be held in escrow so long as the debtor performed the conditions imposed on him, and which declared that the debtor should pay and plaintiff accept a specified sum in full settlement, and that the payment should be made in installments, and that a part of court costs should be paid at once and the balance in specified installments, and that the debtor should execute transfers of all collateral securities held by the creditor, essential to enable the latter to realize on the securities, bound the creditor to accept the specified sum if paid as provided, and, where the specified sum was received by the creditor either by payments made by the debtor or from proceeds of the collateral securities, an entry of judgment on the confession was unauthorized.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. § 14.*]

Ingraham, P. J., dissenting.

Appeal from Special Term, New York County.

Action by the London & Southwestern Bank, Limited, against William Nicholas White. From an order vacating a judgment against defendant entered on confession, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Edgar M. Doughty, of Brooklyn, for appellant.
Charles Caldwell, of New York City, for respondent.

SCOTT, J. The defendant prior to the year 1900 was engaged in business in London, England, and had become indebted to plaintiff. He had deposited certain securities with plaintiff as collateral for his indebtedness, and left certain other securities with it for safe-keeping.

Early in the year 1900, plaintiff recovered judgments against defendant in England for upwards of £7,000 sterling. Defendant then came to the city of New York, where he engaged in business, and in February, 1905, plaintiff commenced an action in this court upon the English judgments. Defendant answered alleging payment and setting up a counterclaim. Depositions were taken in London concerning the state of the account between plaintiff and defendant from which it appeared that after the recovery of the English judgments plaintiff had realized upon certain of the securities deposited with it as collateral, and had thereby reduced defendant's indebtedness to about £6,000 sterling. After some negotiations, a settlement was arrived at, pursuant to which defendant executed and delivered to plaintiff's attorney a confession of judgment for $29,040 with interest from June 1, 1906, together with $1,775 costs. It is one of the conceded facts that this sum represented the total claim of plaintiff against defendant at the time the confession was executed. Contemporaneously with the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

execution and delivery of this confession, a stipulation was entered into between the parties upon the construction of which depends the accuracy of the order appealed from.

In the first clause of the stipulation it was provided that the confession of judgment above referred to should be held in escrow by plaintiff's attorney and should not be entered or filed of record in any court by the plaintiff or its attorneys so long as the defendant performed the conditions of the stipulation as thereinafter specified. The second clause provided as follows:

"The defendant agrees to pay or to procure to be paid, and the plaintiff agrees to accept the sum of seven thousand five hundred dollars ($7,500) in full settlement of plaintiff's claim, which said sum of $7,500 is to be paid in equal installments of $750 each."

Then follow provisions for the payment of said installments on the 1st day of May, 1907, and on each year thereafter, and for the running of interest on installments the payment of which should be deferred.

The third clause provided for the payment of the costs of which $650 was to be paid at once, and the balance in specified installments.

The fourth clause reads as follows:

"The defendant shall execute any and all forms of transfer of the various shares now held by the plaintiff and any other documents that the plaintiff, or his attorneys may consider necessary to enable the plaintiff to realize upon the securities now in its hands held by it against the defendant, the forms of such documents, transfers and receipts to be prepared by the plaintiff or its agents, and defendant shall only be required to execute any such forms before a notary public for the county of New York or English consul resident in the state of New York."

The fifth and sixth clauses provided for the assignment by plaintiff to Alice L. White of the confession of judgment, and to defendant or his appointee of the English judgments upon the payment of the last installment of $750. It was further stipulated that defendant might anticipate the payment of the agreed sum and might have 30 days' grace in the payment of any installment.

The defendant paid the first installment of $750 and made the first payment of $650 on account of the costs. He has not directly made any further payments; but the referee, to whom the matter was referred to take the evidence, has found that plaintiff has paid itself, or is properly chargeable with the proceeds of securities deposited with it by defendant, which should have been credited against plaintiff's claim to an amount in excess of all the installments payable under the stipulation up to the present time, and leaving only a little over $700 due upon the whole amount which plaintiff agreed to accept. This result is arrived at by charging plaintiff with the value of certain securities transferred by plaintiff before the confession of judgment but for which defendant was not given credit at the time the confession was executed, and by further charging plaintiff with the proceeds of securities sold by it since the execution of the confession.

The referee's calculations appear to have been carefully made and have been approved by the Special Term, and we therefore accept them. The decisive question is as to the meaning of the stipulation above re-

cited. If it means as defendant contends, and as appears to be the plain purport of its language, that plaintiff agreed to accept $7,500, if paid as provided in the stipulation, in full settlement of its whole claim against defendant, the order appealed from is right and must be affirmed. In our opinion this is the unmistakable meaning of the stipulation. Not only did plaintiff agree in plain terms to accept this sum "in full settlement" of its claim, but it also agreed that when that sum should be paid both the confession of judgment, and the two English judgments which constituted the very foundation of the claim should be assigned to defendant or his nominee. The plaintiff relies upon the fourth clause of the stipulation as indicating that the real agreement was that defendant should not only pay $7,500, but should also make over absolutely to plaintiff. all of his securities of every kind then in its hands. This intent is certainly not clearly expressed, and we do not think it is to be read into the stipulation. It appeared in evidence that as to certain of the securities held by plaintiff they were valueless as collateral because they could not be realized upon owing to the lack of formal transfer, such as it is customary to append to negotiable securities deposited as collateral for a debt. As we read the fourth clause, it did nothing more than to provide that defendant should execute the necessary transfers so that the securities might become available in plaintiff's hands as security for defendant's undertaking to pay the amount it had been agreed that he should pay. To read the clause as plaintiff would have us read it would lead to the result that in case of default in payment of a single installment plaintiff would be entitled to judgment for the full amount of its claim, and in addition to the proceeds of all of defendant's securities.

If we are right in our construction of the stipulation and the referee's computations are accurate as they appear to be, the order appealed from must be affirmed, with $10 costs and disbursements.

LAUGHLIN, CLARKE, and DOWLING, JJ., concur.

INGRAHAM, P. J. I dissent. The plaintiff had recovered in England two judgments against the defendant on which there was due about $29,000. The action in this state was brought on those judgments for that amount. The parties then settled the action by a stipulation, by which the plaintiff agreed to accept in full settlement of the claim the sum of $7,500, payable in installments, and as part of that settlement the defendant agreed to "execute any and all forms of transfer of the various shares now held by the plaintiff and any other documents that the plaintiff, or his attorneys, may consider necessary to enable the plaintiff to realize upon the securities now in its hands held by it against the defendant."

As I understand it, it is not claimed by the defendant that this sum of $7,500 paid the amount of the judgments which was actually due to the plaintiff at the time the settlement was made. It seems to me clear that this sum of $7,500 was to be paid in excess of the securities which the plaintiff held and to which by the settlement it became entitled, and the balance of $7,500 was to be paid in addition to what the plaintiff received from the sale of the securities.

I think therefore the defendant was in default, and plaintiff was entitled to enter the judgment, and the judgment should not be vacated until the amount actually due the plaintiff has been paid.